UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE SMITH,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendants.

_____/

CASE NO.:

8:16cv2043 23 AEP

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Wayne Smith, by and through the undersigned counsel, sues Portfolio Recovery Associates, LLC, and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims a claim under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered the injuries in Hernando County, Florida.

1



## PARTIES

4. Plaintiff, Wayne Smith ("Mr. Smith" or "Plaintiff"), is a natural person who resides in Hernando County, Florida. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5. Defendant, Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant"), is a Delaware limited liability company, does business in the State of Florida, and is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(7).

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. Defendant's conduct was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant's agents or employees were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8. Portfolio claims that Mr. Smith owed a debt (the "Alleged Debt"). The Alleged Debt has been at issue at all times relevant to this Complaint and the factual allegations set forth below.

9. The Alleged Debt is alleged to involve a transaction primarily for personal and household purposes; therefore, the Alleged Debt is a "debt" as defined by 15 U.S.C § 1692a(5) and Fla. Stat. § 559.55(6).

10. Beginning approximately in 2014, Portfolio conducted a collection campaign against Mr. Smith to collect the Alleged Debt.

11. Upon initial communication from Portfolio, Mr. Smith told Portfolio's representatives that he was the victim of having his credit cards stolen prior to 2009 and that he was not responsible for the Alleged Debt.

12. Mr. Smith also told Portfolio's representatives that he would not make any payments on the Alleged Debt and Mr. Smith instructed Portfolio to stop calling his cell phone.

13. Nevertheless, Portfolio continued to repeatedly call Mr. Smith's cell phone in an effort to collect the Alleged Debt directly from Mr. Smith until at least December 2015.

14. As detailed below, Portfolio's conduct constitutes violations of the FCCPA and FDCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT PORTFOLIO

15. This is an action against Portfolio for violation of Fla. Stat. § 559.55 *et seq.*

16. Plaintiff re-alleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

17. Portfolio communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

18. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

19. Through its conduct, described above, Portfolio directly and through its agents violated the above sections of the FCCPA.

20. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

21. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Portfolio is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

22. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Portfolio as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

23. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against Portfolio, finding that Portfolio violated the FCCPA, awarding Plaintiff actual damages, statutory damages, injunctive relief, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### VIOLATION OF THE FDCPA BY DEFENDANT PORTFOLIO

24. This is an action against Portfolio for violation of 15 U.S.C. § 1692 *et seq.*

25. Plaintiff re-alleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

26. Through the conduct described above, Portfolio violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

27. As a result of Portfolio's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. §

1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

28. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Portfolio has violated the FDCPA; awarding Plaintiff actual damages, injunctive relief, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: July 15, 2016

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff